

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

MMW/PL AGR
2018R00034

970 Broad Street, Suite 700
Newark, New Jersey 07102

(973) 645-2700

April 20, 2018

Linda George, Esq.
577 Summit Avenue
Hackensack, New Jersey 07601

Re: Plea Agreement with Francisco Perez

Dear Ms. George:

This letter sets forth the plea agreement between your client, Francisco Perez ("PEREZ") and the United States Attorney for the District of New Jersey ("this Office"). This plea offer will expire on April 30, 2018 if a fully executed copy of this agreement is not received by this Office on or before that date.

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from PEREZ to a one-count Information that charges him with conspiring with Nadia Moronta Pena and others to distribute and possess with intent to distribute one (1) kilogram or more of a mixture and substance containing a detectable amount of heroin, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(i), in violation of 21 U.S.C. § 846.

If PEREZ enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against PEREZ for conspiring to distribute and possess with intent to distribute heroin from on or about January 9, 2018 through on or about February 7, 2018. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, PEREZ agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by PEREZ may be commenced against him, notwithstanding the expiration of the limitations period after PEREZ signs the agreement.

Sentencing

The violation of 21 U.S.C. § 846 charged in the Information to which PEREZ agrees to plead guilty carries a statutory mandatory minimum prison sentence of 10 years and a statutory maximum prison sentence of life imprisonment, and a maximum fine of the greater of: (1) $10,000,000 or (2) twice the gross profits or other proceeds to PEREZ. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon PEREZ is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence PEREZ ultimately will receive.

Further, in addition to imposing any other penalty on PEREZ, the sentencing judge: (1) will order PEREZ to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may deny PEREZ certain statutorily defined benefits, pursuant to 21 U.S.C. §§ 862 and 862a; and (3) pursuant to 21 U.S.C. § 841, will require PEREZ to serve a term of supervised release of at least 5 years, which will begin at the expiration of any term of imprisonment imposed. Should PEREZ be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, PEREZ may be sentenced to not more than 5 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on PEREZ by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of PEREZ's activities and relevant conduct with respect to this case.

## Stipulations

This Office and PEREZ agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or PEREZ from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and PEREZ waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

## Forfeiture

PEREZ agrees that as part of his acceptance of responsibility and pursuant to 21 U.S.C. § 853, PEREZ agrees to forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of the offense charged in the Information and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of such offense.

PEREZ further agrees to forfeit all of his right, title and interest in the following specific property seized from PEREZ on or about February 7, 2018:

       a. $4,300 in U.S. currency;
       b. One black VTE cellular phone;
       c. One black iPhone cellular phone;

3

      d. One Ruger P89 9mm handgun bearing serial number 315-31073;
      e. One empty magazine for a Ruger P89 9mm handgun; and
      f. One blue 2007 Honda Odyssey, bearing Pennsylvania license plate KBM9357, vehicle identification number 5FNRL38787B040744.

(the "Specific Property"), which PEREZ admits has the requisite nexus to the drug trafficking offense charged in the Information and therefore is forfeitable to the United States of America pursuant to 21 U.S.C. § 853.

    PEREZ further consents to the administrative and/or civil judicial forfeiture of the Specific Property pursuant to 21 U.S.C. § 881 and/or 18 U.S.C. § 981(a). PEREZ agrees that he will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Specific Property and will not cause or assist anyone else in doing so. To the extent PEREZ has filed a claim or petition in any administrative or civil judicial forfeiture proceeding involving the Specific Property, such claims or petitions are hereby deemed withdrawn. PEREZ further agrees to take all necessary steps to pass clear title to the Specific Property to the United States, including, but not limited to, the surrender of such property to the United States Marshals Service and the execution of all necessary documentation.

    PEREZ waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, the defendant consents to the entry of a Consent Judgment of Forfeiture that will be final as to the defendant prior to the defendant's sentencing. PEREZ understands that criminal forfeiture pursuant to 21 U.S.C. § 853 is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. It is further understood that any forfeiture of PEREZ's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. PEREZ hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

Immigration Consequences

    PEREZ understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. PEREZ

understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. PEREZ wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. PEREZ understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, PEREZ waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against PEREZ. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against PEREZ.

No provision of this agreement shall preclude PEREZ from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that PEREZ received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between PEREZ and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CRAIG CARPENITO
United States Attorney

By: MELISSA M. WANGENHEIM
Assistant U.S. Attorney

APPROVED:

Ronnell L. Wilson
Chief, Narcotics/OCDETF Unit

I have received this letter from my attorney, Linda George, Esq. I have read it and/or it has been translated for me. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____           Date: 4-21-18
Francisco Perez


I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____           Date: 4-21-18
Linda George, Esq.

7

Plea Agreement With Francisco Perez ("PEREZ")

Schedule A

1. This Office and PEREZ recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and PEREZ nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence PEREZ within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and PEREZ further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2016 applies in this case. The applicable guideline is U.S.S.G. § 2D1.1.

3. The amount of heroin involved in the offense was at least one (1) kilogram, but less than three (3) kilograms. Thus, the Base Offense Level is 30. U.S.S.G. § 2D1.1(c)(5).

4. A dangerous weapon, namely, a firearm, was possessed. Thus, the offense level is increased by 2 levels. U.S.S.G. § 2D1.1(b)(1).

5. The defendant maintained a premises for the purpose of manufacturing or distributing a controlled substance. Thus, the offense level is increased by 2 levels. U.S.S.G. § 2D1.1(b)(12).

6. As of the date of this letter, PEREZ has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if PEREZ's acceptance of responsibility continues through the date of sentencing. U.S.S.G. § 3E1.1(a).

7. As of the date of this letter, PEREZ has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in PEREZ's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) PEREZ enters a plea pursuant to this agreement, (b) this Office in its discretion determines that PEREZ's acceptance of responsibility has continued through the date of sentencing and PEREZ therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) PEREZ's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

8. In accordance with the above, the parties agree that the total Guidelines offense level applicable to PEREZ is 31 (the "agreed total Guidelines offense level").

9. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level is reasonable.

10. PEREZ knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 31, subject to any applicable statutory mandatory minimum. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 31. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so. None of these provisions, however, shall preclude PEREZ from pursuing, when permitted by law, an appeal, collateral attack, writ, or motion claiming that PEREZ's guilty plea or sentence resulted from constitutionally ineffective assistance of counsel.

11. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.